IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chondrite Asset Trust, ) | Case No. 8:18-cv-02113-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Shielder E. Pressley and Pressley ) | |
| Group LTD Co, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendant Shielder E. Pressley's ("Defendant Pressley") Notice of Removal. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 7, 2018, the Magistrate Judge issued a Report recommending that this action be remanded. ECF No. 10. Defendant Pressley filed objections to the Report, and Plaintiff filed a Reply. ECF Nos. 12, 13.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Defendant Pressley generally objects to the Magistrate Judge's Report by stating that this Court has jurisdiction over this case pursuant to 42 U.S.C. § 3631. ECF No. 12. The Court has conducted a de novo review of the Report, the applicable law, and the record in this case and finds that this Court lacks subject matter jurisdiction over this action either through diversity jurisdiction or federal question jurisdiction. Defendant Pressley's arguments that the foreclosure action is improper based on the Fair Debt Collection Practices Act and that the Court has jurisdiction over the present action because Plaintiff violated 42 U.S.C. § 3631 fail to provide a basis for removal. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (explaining that an affirmative defense is not a basis for removal); *Deutsch Bank Nat'l Co. v. Brader*, No. 4:15-cv- 600-RBH-KDW, 2015 WL 9872070, at *4 (D.S.C. Oct. 28, 2015) ("That [Defendant] might have raised or might have been able to raise a defense to the foreclosure action based on a federal statute or on a constitutional amendment does not provide federal-question

jurisdiction when, as here, the state-court complaint does not include claims based on federal statutes or federal constitutional amendments.").

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules Plaintiff's objections. This action is **REMANDED** to the Anderson County Court of Common Pleas.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

April 16, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.